# CIRCUIT COURT OF THE CITY OF WINCHESTER

Mary E. Harter

v.

Quade et al.

## August 5, 1986

## Case No. (Law) 84-L-48

By JUDGE HENRY H. WHITING

At issue is the sufficiency of a notice of malpractice claim to sustain a particular act of negligence averred in a subsequently filed pleading. The notice was:

> This letter serves to advise you that this office has been retained by Mary E. Harter and her husband, Earl E. Harter. Pursuant to the request of our clients, we have sought and obtained a review of the medical treatment received by Mary E. Harter in February, March, April and May of 1982. Based on that review, we have been advised that Mrs. Harter was admitted to Winchester Memorial Hospital to your care on February 22, 1982, for a pathogenic compression fracture of the T6 vertebral body of the spine and for evaluation and treatment of the fracture.
>
> By history, Mrs. Harter, at that time, had suffered an onset of sporatic (*sic*) back pain without a prior history of trauma. According to the records which we have received, you operated on Mrs. Harter on March 9, 1982, performing a costotransversectomy at the T6 verte-

bral body. At the time of this operation, a culture was obtained which was positive for proteus morabilis which was erroneously determined to be non-diagnostic and it was not treated. Unfortunately, it was later learned that the proteus morabilis infection, after your surgery, spread rapidly destroying additional vertebral bodies in Mrs. Harter's spine. The resulting disintegration of her spine eventually led to damage to her spinal cord and permanent paralysis from the waist down.

The experts who have reviewed this file on behalf of this office advise us that the failure to treat the proteus morabilis upon discovery was a failure in the treatment of Mrs. Harter which was negligent and ultimately resulted in her paralysis.

This letter serves to advise that pursuant to § 8.01-581.2 of the Code of Virginia, as adopted in 1982, this office will bring an action for medical malpractice against you as the health care provider on behalf of our clients, Mary E. Harter and her husband, Earl E. Harter, for your failure to diagnose and treat the infectious process which ultimately caused Mrs. Harter's paralysis. I suggest that you refer this letter immediately to your insurance carrier.

It was given pursuant to the statutory and Rule mandates requiring a "reasonable description of the act or acts of negligence." Virginia Code § 8.01-581.2; Rule Two (a), Medical Malpractice Rules of Practice.

The negligence pleaded was:

While a patient at said hospital, the Plaintiff, Mary E. Harter received care and treatment from the Defendant Doctor Quade which was negligent and constituted a departure from accepted standards of orthopedic practice including but not limited to the *failure* following costo-transversectomy on March 9, 1982, *to stabilize the spine of the patient* and the *failure* of the Defendant Doctor Quade *to treat the Plaintiff*

*Mary E. Harter for osteomyelitis* despite a culture obtained from the compression site at the time of surgery which was positive for the bacteria, proteus morabilis.

As a result of the negligence set forth above, the Plaintiff, Mary E. Harter, was discharged by the Defendant, Doctor Quade, from Winchester Memorial Hospital, on March 13, 1982, without antibiotic treatment and with a bacterial infection in her spine which had already caused the collapse of one vertebrae.

On March 18, 1982, the Defendant, Dr. Quade, noted in his office record that he had seen the Plaintiff, Mary E. Harter, that the collapse of her spine was increasing but he negligently failed to take further steps or tests which would have discovered the cause for the collapse. Paragraphs 5, 6 and 7, amended motion for judgment. (The alleged different acts of negligence being italicized.)

The defendants contend that:

(1) The claim that Dr. Quade failed to stabilize the back and prevent its collapse when he treated the plaintiff was for acts of negligence "which were not in the notice" (memorandum, page 2) in other words, it was a different act of negligence than failing to "diagnose and treat the infectious process which ultimately caused Mrs. Harter's paralysis" (from notice of claim); and

(2) Any alleged malpractice after March 9, 1982, would not be covered in the notice.

### (1) *Details of Alleged Negligent Act*

The statute and the Rule require a "reasonable description of the act or acts of malpractice." It seems to me that this means that the claimant must tell the doctor, even if only in a general sort of way, what he did wrong.

The cases cited from other circuits are instructive. In *Lewis* v. *Glover,* ▌ Washington County, the notice provi-

sion dealt with *prenatal* care to the mother and her unborn child but made no mention of any *postnatal* negligence. Specifically, it gave no warning that the doctor failed to provide effective resuscitation to the infant *after* its birth, and such evidence was excluded. *Boggs* v. *Lonesome Pine Hospital,* ▮ Thirtieth Judicial Circuit, was a case in which the notice merely described an incident that the patient had in attempting to get out of a wheelchair without indicating any act of negligence in failing to diagnose or prescribe a proper treatment to the patient. Obviously the doctor was on no notice of a failure to properly diagnose and treat the patient, and the Court sustained the demurrer to those particular counts but held that the doctor and the hospital were on notice that they had failed to exercise reasonable care to keep a proper watch over the patient where the notice told them she was attempting to get to a buzzer to summon a nurse when she became ill or was thus caught in the wheelchair upon attempting to get out of it. The decision in Fairfax County of *Glenn* v. *DeLorme and Fairfax Hospital Association* ▮ was one in which the notice simply told the hospital that she developed a bacterial infection during an operation without saying how or why, and further that a nurse had pulled an IV out of a patient's arm, left her unattended and also left a piece of the IV needle in her arm. The trial Judge pointed out that the last two acts were specific acts of negligence and could have been the subject of proof at the trial, but the failure to tell the hospital how and why the bacterial infection was caused did not give the hospital notice that it was being charged with negligence in failing to complete culture reports, sensitivity reports, and not keeping correct or proper data or completing laboratory reports and improper administration of medicine.

*Adams* v. *Lewis Wright,* ▮ decided in the Circuit Court of the City of Richmond, charged negligence in perforation of a small bowel and the Court held that this was suffi-

cient to put the doctor on notice that he failed to properly diagnose and treat the bowel perforation as well as to inform the doctor that he was negligent in: (1) failing to: (a) obtain the plaintiff's informed consent, (b) properly diagnose and treat the bowel perforation; (2) performing unnecessary surgery; and (3) certain other acts after the patient was discharged from the hospital. I do not believe telling a doctor that he negligently perforated a bowel during an operation would be sufficient to put him on notice that he was guilty of additional acts of malpractice in failing to obtain an informed consent or in performing other unnecessary surgery *unrelated* to the bowel perforation but it might include negligent acts following the bowel perforation.

The defendant argues that he could only be on notice of his alleged negligence in misdiagnosing the infectious disease and in failing to take those measures necessary to arrest its progress and that a failure to stabilize the back with braces or pins, even though it might have caused the ultimate paralysis either alone or with the infection, was not fairly described in a notice of a failure to diagnose and treat the infection. On the other hand, the plaintiff maintains that "stabilizing the spine" was part of the treatment the defendant failed to undertake because of his misdiagnosis.

If we read that statute narrowly, only the failure to treat the infection could be considered in this case even though the failure to stabilize the back might have combined with the misdiagnosis to produce the eventual paralysis. However, both the legislature and the rule maker require only a "reasonable description of the act or acts of malpractice." I believe any doctor would understand that included within a charge of a misdiagnosis of an infection would be every act which should have been done if the condition had been properly diagnosed. If experts would say that a patient with this infection could be expected to have an unstable back requiring stabilization along with other specific treatment for the infection and its stabilization was an associated treatment of the condition, I believe the notice of a misdiagnosis of the infection and failure to treat the infectious process does "reasonably describe" that associated treatment.

If counsel desire, I would be glad to hear evidence on this issue or to wait until trial. Should there be no evidence associating the treatment with the disease, I will remove that charge from consideration by the jury.

### (2) *Time of Alleged Negligent Act*

Both the Statute and the Rule require the claimant to advise the doctor of the "time of the alleged malpractice," § 8.01-581.2. "The time of the alleged malpractice shall be adequately stated if an approximate date (or dates) is stated." Rule Two (a).

Telling the doctor that a record review of medical treatment in February, March, April and May of 1982 showed that the patient was admitted to the hospital to his care on February 22, 1982, operated on by him on March 8, 1982, misdiagnosed then and thereafter failing to treat the infection, which spread rapidly after the surgery, resulting in disintegration of the spine and paralysis, is sufficient, I believe, to let him know that his negligent acts occurred during that period of hospitalization. I do not believe the Legislature required that each date of treatment be stated in the notice.